# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>DEBRA MCLEOD, *et al.*,<br><br>    Defendants. | Case No. 2:11-CR-421-KJD-PAL<br><br>**ORDER** |

Presently before the Court is Plaintiff's Motion to Strike (#89). Defendant Debra McLeod ("Defendant") filed a response in opposition (#91).

<u>I.  Background</u>

On March 20, 2013, the Court ordered (#78) an extension of time permitting Defendant Debra McLeod to file a supplemental motion past the already expired deadline. The Court ordered that the supplemental motion be filed no later than March 25, 2013. Additionally, the Court ordered that objections to the report and recommendation of the magistrate judge, entered on March 18, 2013, be filed no later than March 25, 2013. The Government's responses were to be filed no later than seven (7) days thereafter.

Defendant Debra McLeod filed her objections and supplemental motion on March 25, 2013. Then on Friday, March 29, 2013 at 4:10 p.m. and Saturday, March 30, 2013 at 6:08 p.m., Defendant

Alison McLeod filed two supplements (#85/86) to the motions.  Defendant Debra McLeod also filed a supplement (#87) to her motion for a Franks hearing on March 30, 2013 at 6:30 p.m.  The Government's response to the motion and to the objections was due on Monday, April 1, 2013.

The Government filed its responses on April 1, 2013.  It also filed the present motion to strike the supplements as untimely.

II.  Analysis

Federal Rule of Criminal Procedure ("Rule") 47(c) requires that supporting affidavits must be filed with the motion.  Rule 45(b)(1)(B) allows the court to extend time upon a party's motion, if made after expiration of the allowed time, if the party failed to act because of excusable neglect.  Defendant Debra McLeod's response argues that the neglect was excusable:

> "Here, the Government was not prejudiced by the untimely filing of the supplemental affidavits.  The affidavits were filed at least two days in advance of the deadline for its responses.  Further, the information contained in the affidavits asserted no new legal arguments or factual assertions, but rather only served as additional foundations for the factual assertions and legal arguments already timely filed.  Affidavits attesting to the same factual assertions were timely filed March 25, 2013."

Defendant has not stated a case for excusable neglect.  First, Defendant's assertion that no prejudice befell the Government, because the affidavits were filed "at least two days in advance" of the deadline for the Government to respond is disingenuous.  Though they preceded the Government's deadline by two days, they were at least four days late on a time-intensive briefing schedule.  Furthermore, and more prejudicial to the Government, two of the supporting affidavits were filed on the Saturday preceding the Government's Monday deadline, effectively shortening the response time to one day at best.  As Defendant points out, the discovery regarding the Forward Looking Infrared Radar ("FLIR") had been available to them since February 8, 2013.

The Court finds that the supplemental affidavits are prejudicial because their late filing prevented the Government from adequately responding to the facts contained in them.  Filing them untimely, late in the afternoon on Friday and Saturday before the Monday response time was not the result of excusable neglect.

Finally, Defendant's contention that the late provided affidavits are not prejudicial because they contain no new legal arguments or facts, undermines their argument. Defendant asserts that timely affidavits attesting to the same factual assertions were filed with the supplemental motion and objections on March 25 ,2013. Thus, Defendant does not even argue that the affidavits are necessary, but are cumulative to the affidavits already timely filed with the motions. The Court also notes that Defendant Alison McLeod filed no response to the Government's motion to strike. Therefore, the motion to strike is granted.

III. Conclusion

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion to Strike (#89) is **GRANTED**;

IT IS FURTHER ORDERED that the Clerk of the Court **STRIKE** the Supplements (#85/86/87).

DATED this 8th day of April 2013.

_____
Kent J. Dawson
United States District Judge